IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NINA SHAHIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 10-188-GMS |
| | ) |
| STATE OF DELAWARE DEPARTMENT | ) |
| OF FINANCE, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM

## I. INTRODUCTION

The plaintiff, Nina Shahin ("Shahin"), who proceeds *pro se*, filed this lawsuit on March 8, 2010, alleging employment discrimination pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5, the Americans with Disabilities Act ("ADA"), and the Age Discrimination in Employment Act ("ADEA"). (D.I. 2.) She also raises claims under the Delaware Discrimination in Employment Act ("DDEA") and the Delaware Handicapped Persons Employment Protection Act ("DHPEPA").[1]

Before the court is the Department of Finance's motion to dismiss complaint or, in the alternative, motion for more definite statement. (D.I. 10, 11.) Shahin did not file a response to the motion. Instead, she filed a motion for a hearing pursuant to Fed. R. Civ. P. 12(d). (D.I. 12.) The Department of Finance opposes the motion. (D.I. 13.) For the reasons that follow, the court will grant the Department of Finance's motion to dismiss and will deny Shahin's motion.

---

[1] With the exception of Title VII, the complaint sets forth the names of the acts but does not provide a specific statutory citation of the sections allegedly violated.

## II. BACKGROUND

Shahin has filed numerous lawsuits in this court against different agencies of the State of Delaware alleging employment discrimination. She makes similar allegations in this case. Shahin filed charges with the Department of Labor of the State of Delaware and the Equal Opportunity Commission of the United States ("EEOC") on July 1, 2009. In the instant complaint, Shahin alleges discrimination by reason of sex, national original, age, disability, and retaliation occurred in June 2008 when the defendant, the State of Delaware Department of Finance ("Department of Finance") did not employ her, failed to hire her, and failed to provide her a copy of the response it sent the Delaware Department of Labor. The EEOC issued a Notice of Right to Sue letter, received by Shahin on December 10, 2009.

The Department of Finance moves for dismissal or, in the alternative, for a more definite statement pursuant to Fed. R. Civ. P. 12(b)(1), (b)(6), and (e). (D.I. 10, 11.) Shahin moves for a hearing pursuant to Fed. R. Civ. P. 12(d). (D.I. 12.)

## III. STANDARDS OF REVIEW

### A. Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a complaint for lack of jurisdiction over the subject matter, or if the plaintiff lacks standing to bring a claim. Motions brought under Rule 12(b)(1) may present either a facial or factual challenge to the court's subject matter jurisdiction. In reviewing a facial challenge under Rule 12(b)(1), the standards relevant to Rule 12(b)(6) apply. In this regard, the court must accept all factual allegations in the complaint as true, and the court may only consider the complaint and documents referenced in or attached to the complaint. *Gould Electronics Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). In

reviewing a factual challenge to the court's subject matter jurisdiction, the court is not confined to the allegations of the complaint, and the presumption of truthfulness does not attach to the allegations in the complaint. *Mortensen v. First Fed. Sav. and Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). Instead, the court may consider evidence outside the pleadings, including affidavits, depositions and testimony, to resolve any factual issues bearing on jurisdiction. *Gotha v. United States*, 115 F.3d 176, 179 (3d Cir. 1997). Once the court's subject matter jurisdiction over a complaint is challenged, the plaintiff bears the burden of proving that jurisdiction exists. *Mortensen*, 549 F.2d at 891.

**B. Rule 12(b)(6)**

Rule 12(b)(6) permits a party to move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Shahin proceeds *pro se*, her pleading is liberally construed and her complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, __U.S.__, 129 S.Ct. 1937 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). When determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Second, the court

must determine whether the facts alleged in the complaint are sufficient to show that Shahin has a "plausible claim for relief." *Id.* at 211; *see also Iqbal*, 129 S.Ct. at 1949; *Twombly*, 550 U.S. at 570. In other words, the complaint must do more than allege Shahin's entitlement to relief; rather, it must "show" such an entitlement with its facts. A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 570). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).

### C. Rule 12(d)

The Federal Rules of Civil Procedure provide that when a motion to dismiss is filed pursuant to Rule 12(b)(6) and matters outside the pleadings are presented to and not excluded by the court, the matter shall be treated as one for summary judgment and disposed of as provided in Rule 56 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(d). All parties must be given a reasonable opportunity to present all material that is pertinent to the motion. *Id.*

**D. Rule 12(e)**

The decision whether to grant or deny a defendant's motion for a more definite statement rests within the sound discretion of the court. *Holmes v. Colonial Sch. Dist.*, Civ. No. 09-795-GMS, 2010 WL 4918721 (D. Del. Nov. 24, 2010) (citation omitted). Rule 12(e) allows a party to move for a more definite statement when a pleading is "so vague or ambiguous that the party cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. P. 12(e); *see Schaedler v. Reading Eagle Publ'n Inc.*, 370 F.2d 795, 798 (3d Cir. 1967). The rule has been interpreted to grant a motion for a more definite statement only where the pleading is unintelligible, *see CFMT, Inc. v. YieldUp Int'l Corp.*, No. Civ. A. 95-549, 1996 WL 33140642, at *1 (D. Del. Apr. 5, 1996), or the issues cannot be determined, *see Fischer & Porter Co. v. Sheffield Corp.*, 31 F.R.D. 534, 536 (D. Del. 962); *Container Co. v. Carpenter Container Corp.*, 8 F.R.D. 208, 210 (D. Del. 1948). Motions for a more definite statement are generally viewed with disfavor, particularly "where the information sought by the motion could easily be obtained by discovery." *See CFMT*, 1996 WL 33140642, at *1 (internal citations omitted).[2]

**IV. DISCUSSION**

The Department of Finance moves to dismiss the complaint, with prejudice, on the grounds that the complaint fails to offer details as to the nature of the alleged violations, except that Shahin was not hired and she did not receive a copy of the Department of Finance's response to the Delaware Department of Labor. Shahin responds by seeking a hearing pursuant to Fed. R.

---

[2]As discussed below, the court will give Shahin leave to amend. The complaint is not intelligible. It is evident that Shahin raises employment discrimination and retaliation claims, however, the complaint does not meet the pleading requirements of *Iqbal* and *Twombly*. Therefore, the court will deny the motion for a more definite statement.

Civ. P. 12(d). Shahin explains that she used the standard form for filing complaints provided the District Court.[3]

Initially the court notes, that Shahin did not attach a copy of the charges she filed with the EEOC as required by paragraph 12 of the complaint form provided to her. Paragraph 12 states that the copy of the charges "is submitted as a brief statement of the facts of plaintiff's claim." (D.I. 2.) The complaint, as it now stands, fails to state a claim for which relief can be granted.

It is evident in reading the complaint that it must be dismissed because Shahin has pled no facts that would support adverse employment actions based on her sex, national origin, age, or disability. Indeed, the complaint does not indicate Shahin's age, her national origin, or alleged disability. Nor does it contain the basic elements for failure to hire based upon discrimination. For example, the complaint fails to adequately allege that Shahin: (1) is a member of a protected class; (2) sought and was qualified for a job for which the employer was seeking applicants; (3) that despite her qualifications, she was rejected; and (4) under circumstances that raise an inference of discriminatory action, the employer continued to seek out individuals with qualifications similar to Shahin's to fill the position. *McDonnell Douglas*, 411 U.S. at 802; *Sarullo v. United States Postal Serv.*, 352 F.3d 789 (3d Cir. 2003); *accord Iyer v. Everson*, 238 F. App'x 834 (3d Cir. 2007) (not published).

---

[3]Shahin's reliance upon Rule 12(d) is misplaced. She "demands" a hearing to discuss changes to the court's complaint form, so that changes can be made for her to refile her complaint on a "new, improved form." Shahin states that the Delaware Department of Labor denied her information related to the identity of the person hired for the accountant position. She "demands" she be provided information about the person hired. Rule 12(d) provides for the conversion of a motion to dismiss to a motion for summary judgment. It is not a means for changing this court's forms, nor a discovery tool.

Similarly, the complaint states "retaliation" as another alleged discriminatory act, but pleads no facts to support the elements of retaliatory conduct. To establish a *prima facie* case of retaliation, a plaintiff must show: (1) she engaged in protected activity; (2) the employer took a materially adverse action against her; and (3) there was a causal connection between the protected activity and the employer's action. *LeBoon v. Lancaster Jewish Comty. Ctr. Ass'n*, 503 F.3d 217, 231 (3d Cir. 2007).

While not required to prove the elements of discrimination and retaliation at the pleading stage, a plaintiff must plead facts that "raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 213 (3d Cir. 2009) (citation omitted). Shahin has not pled facts related to the elements discussed hereinabove and, therefore, her discrimination and retaliation claims cannot succeed.[4]

For the above reasons, the court will grant the motion to dismiss. However, the complaint is dismissed without prejudice and Shahin is given leave to amend for "if a complaint is vulnerable to 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile." *Phillips*, 515 F.3d at 236. This rule applies "even if the plaintiff does not seek leave to amend." *Travelers Indem. Co. v. Dammann & Co., Inc.*, 594

---

[4]The court will grant the motion to dismiss the disability discrimination claims raised pursuant to Title I of the ADA and age discrimination ADEA claims inasmuch as the Department of Finance, as an agency of the State, is immune from suit. Under the Eleventh Amendment, the State is immune from suit for damages brought pursuant to Title I of the ADA. *See Board of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001); *Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 241 (3d Cir. 2005). The State is also immune from suit for damages under the Eleventh Amendment for Shahin's age discrimination claim under the ADEA. *See Kimel v. Florida Bd. of Regents*, 528 U.S. 62 (2000); *Shahin v. Delaware Dep't of Fin.*, 344 F. App'x 765 (3d Cir. 2009) (not published). The court finds premature the motion to dismiss the DDEA and DHPEPA claims.

F.3d 238, 256 n. 10 (3d Cir. 2010). Shahin will be given twenty-one (21) days to amend her complaint. Failure to amend the complaint within this time-frame will result in dismissal with prejudice.

## V. CONCLUSION

For the above reasons, the court will grant the motion to dismiss complaint or, in the alternative, motion for more definite statement, to the extent that the ADEA and Title I ADA claims will be dismissed with prejudice, the remaining claims will be dismissed without prejudice, and the motion will be denied in all other respects. Shahin will be given leave to file an amended complaint. (D.I. 10.) Shahin's motion for a hearing will be denied. (D.I. 12.)

An appropriate order will be issued.

_____
CHIEF, UNITED STATES DISTRICT JUDGE

June 21, 2011
Wilmington, Delaware