IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NINA SHAHIN, | : | |
| Plaintiff, | : | |
| v. | : | Civ. No. 10-188-LPS |
| STATE OF DELAWARE DEPARTMENT OF FINANCE, | : | |
| Defendant. | : | |

Nina Shahin, Dover, Delaware, Pro Se Plaintiff.

Laura L. Gerard and Stuart B. Drowos, Deputy Attorneys General, Delaware Department of Justice, Wilmington, Delaware. Counsel for Defendant State of Delaware Department of Finance.

**MEMORANDUM OPINION**

March 30, 2012
Wilmington, Delaware

**STARK, U.S. District Judge:**

## I. INTRODUCTION

Plaintiff Nina Shahin ("Plaintiff") filed this action on March 8, 2010, followed by an Amended Complaint on July 1, 2011, alleging employment discrimination pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5, the Americans with Disabilities Act ("ADA"), and the Age Discrimination in Employment Act ("ADEA"). (D.I. 2, 18) She also raises claims under the Delaware Discrimination in Employment Act ("DDEA") and the Delaware Handicapped Persons Employment Protection Act ("DHPEPA"). Presently before the Court are Defendant's Motion to Dismiss the Amended Complaint and Plaintiff's Motion for Sanctions. (D.I. 19, 23) For the reasons that follow, the Court will grant in part and deny in part Defendant's Motion to Dismiss and will deny Plaintiff's Motion for Sanctions.

## II. BACKGROUND

Shahin has filed numerous lawsuits in this court against different agencies of the State of Delaware alleging employment discrimination. She makes similar allegations in this case. Shahin filed charges with the Department of Labor of the State of Delaware ("DDOL") and the Equal Opportunity Commission of the United States ("EEOC") on July 1, 2009. The EEOC issued a Notice of Right to Sue letter, which was received by Shahin on December 10, 2009. In the original Complaint, Shahin alleged discrimination by reason of sex, national original, age, disability, and retaliation that had occurred in June 2008 when Defendant, the State of Delaware Department of Finance ("Defendant"), did not employ her, failed to hire her, and failed to provide her a copy of the response it sent the DDOL.

1

Defendant filed a Motion to Dismiss the original Complaint, which was granted by the Court on June 21, 2011. (D.I. 14) The Court dismissed with prejudice the ADA and ADEA claims on the basis of Eleventh Amendment immunity. The other claims were dismissed on the basis that the Complaint failed to state a claim for which relief can be granted. In is Memorandum Opinion and Order, the Court found that the Complaint did not indicate Plaintiff's age, national origin, or alleged disability. Nor did the Complaint contain the basic elements of a failure to hire claim based upon discrimination. In addition, the Court noted that Plaintiff failed to attach a copy of the charges she filed with the EEOC, as is required by the complaint form that was provided to her. Plaintiff was given leave to amend her complaint, and she did so on July 1, 2011. (D.I. 18)

The Amended Complaint is virtually identical to the original Complaint with the following exceptions: (1) the original Complaint marked the "national origin" box with reference to defendant's alleged discriminatory conduct, but the Amended Complaint does not; (2) boxes A and C are marked in the prayer for relief in the original Complaint, but they are not marked in the Amended Complaint; (3) the original Complaint has attached to it the EEOC dismissal and notice of rights, while the Amended Complaint has attached to it the State of Delaware Department of Labor Division of Industrial Affairs - Office of Anti-Discrimination final determination and right to sue notice. Neither the original Complaint nor the Amended Complaint include as an exhibit Plaintiff's charge of discrimination. Plaintiff, however, attached a copy of her charge of discrimination to her opposition to Defendant's Motion to Dismiss. (*See* D.I. 21 at ex.)

The Charge of Discrimination that Plaintiff submitted to the DDOL, dated January 7, 2009, claims discrimination based upon Plaintiff's Ukranian national origin, her age of 58, retaliation, and disability. Plaintiff alleged that she is a qualified individual with a disability who could perform the essential functions of the job in question either with or without an accommodation. Plaintiff applied for the position of State Accountant IV on April 26, 2008 and was interviewed for the position on June 2, 2008. Plaintiff contacted Defendant on October 30, 2008 regarding her status in the application process but failed to obtain an answer clarifying her status. Plaintiff made another inquiry on October 31, 2008. Defendant's website indicated that the position remained open, but Defendant failed to hire Plaintiff or advise her of her status. Plaintiff alleges that Defendant failed to hire her based upon her disability, age, national origin, and in retaliation for filing previous charges of discrimination through the DDOL. (D.I. 21 at ex.)

The DDOL found no reasonable cause to believe than an unlawful employment practice had occurred, as follows:

> [Plaintiff] alleges failure to hire based upon disability, age (58), national origin (Ukrainian) and retaliation for engaging in the protected activity of filing prior complaints . . . .
>
> [Plaintiff] states that on June 2, 2008, she was interviewed for the position of Accountant IV, however [she] did not receive a rejection letter and, based on the state's electronic employment recruiting website, the position remains open. [Plaintiff] presents a letter dated October 31, 2008 addressed to [Defendant] which inquires as to whether or not [Defendant] had in fact filled the position as the recruitment site still displays the position as remaining open and she had not been specifically notified of her non-selection. As the last employment activity appears to be on June 2, 2008 and this complaint was filed on January 7, 2009, it appears that this complaint is untimely as the applicable state

> statute of limitation for filing is 120 days from the date of harm. Regardless, the additional information provided by [Defendant] upon request demonstrates that the successful candidate (not within [Plaintiff's] identified protected basis) was chosen, in part, based upon her experience with help desk operations, a skill [Defendant] found to be very valuable as the position would be responsible for establishing a help desk for [Defendant's] computerized fiscal management system prior to implementation. The successful candidate also possessed the other requirements for the position and was chosen by [Defendant] based on her total performance and application in the hiring process. . . .
>
> [Defendant] did not update the recruiting website after makings [sic] its selection and did not send out rejection letters to the unsuccessful candidates; an error which impacted all parties involved, not specific to [Plaintiff]. [Plaintiff] did not provide additional information in response to this agency's preliminary findings and recommendation notice which informed [Plaintiff] of the above information and the agency's intent to dismiss, which would further this investigation. Therefore a no cause determination is appropriate.

(D.I. 18 at ex.) The EEOC adopted the findings of the DDOL. (D.I. 2 at ex.)

Defendant moves for dismissal pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) on the grounds that: (1) the Amended Complaint fails to allege facts sufficient to state a cause of action; (2) the DDEA does not confer original jurisdiction upon the federal court over state law age discrimination claims and does not constitute a waiver of the State's Eleventh Amendment immunity under the ADEA; and (3) the DHPEPA does not confer original jurisdiction upon the federal court over state law handicap discrimination claims. Plaintiff opposes the motion.

## III. MOTION TO DISMISS

### A. Legal Standards

#### 1. Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a complaint for lack of jurisdiction over the subject matter, or if the plaintiff lacks standing to bring his claim. Motions brought under Rule 12(b)(1) may present either a facial or factual challenge to the Court's subject matter jurisdiction. In reviewing a facial challenge under Rule 12(b)(1), the standards relevant to Rule 12(b)(6) apply. In this regard, the Court must accept all factual allegations in the Complaint as true, and the Court may only consider the complaint and documents referenced in or attached to the complaint. *See Gould Elec., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). In reviewing a factual challenge to the Court's subject matter jurisdiction, the Court is not confined to the allegations of the complaint, and the presumption of truthfulness does not attach to the allegations in the Complaint. *See Mortensen v. First Fed. Sav. and Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). Instead, the Court may consider evidence outside the pleadings, including affidavits, depositions and testimony, to resolve any factual issues bearing on jurisdiction. *See Gotha v. United States*, 115 F.3d 176, 179 (3d Cir. 1997). Once the Court's subject matter jurisdiction over a complaint is challenged, the plaintiff bears the burden of proving that jurisdiction exists. *See Mortensen*, 549 F.2d at 891.

#### 2. Rule 12(b)(6)

Evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) requires the Court to accept as true all material allegations of the complaint. *See Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004). "The issue is not whether a plaintiff will ultimately prevail but

whether the claimant is entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal quotation marks omitted). Thus, the Court may grant such a motion to dismiss only if, after "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *Maio v. Aetna, Inc.*, 221 F.3d 472, 481-82 (3d Cir. 2000) (internal quotation marks omitted).

However, "[t]o survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009). At bottom, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a plaintiff's claim. *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted).

The Court is not obligated to accept as true "bald assertions," *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (internal quotation marks omitted), "unsupported conclusions and unwarranted inferences," *Schuylkill Energy Res., Inc. v. Pennsylvania Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997), or allegations that are "self-evidently false," *Nami v. Fauver*, 82 F.3d 63, 69 (3d Cir. 1996). Because Plaintiff proceeds *pro se*, her pleading is liberally construed and her Complaint, "however inartfully pleaded, must be held to less stringent

standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted).

B. **Discussion**

1. **Failure to Allege Facts Sufficient to State a Cause of Action**

a. **ADA and ADEA Claims**

The Court previously dismissed the ADA and ADEA claims on the grounds that Defendant is immune from suit. Under the Eleventh Amendment, the State is immune from suit for damages brought pursuant to Title I of the ADA. *See Board of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001); *Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 241 (3d Cir. 2005). The State is also immune from suit for damages under the Eleventh Amendment for Shahin's age discrimination claim under the ADEA. *See Kimel v. Florida Bd. of Regents*, 528 U.S. 62 (2000); *Shahin v. Delaware Dep't of Fin.*, 344 F. App'x 765 (3d Cir. Sept. 14, 2009) (not published).

Plaintiff appears to confess the ADA claim. In her response she states that the issue is "not so important" because, following hip replacement surgery, the major factors of her disability were apparently alleviated. (*See* D.I. 21 at 5) Plaintiff continues to argue, however, that the ADEA may be enforced against states by the EEOC and state employees may still sue state officials for declaratory and injunctive relief. While the Eleventh Amendment permits suits for prospective injunctive relief against state officials, *see Ex Parte v. Young*, 209 U.S. 123 (1908), "suits against the States and their agencies . . . are barred regardless of the relief sought." *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993) (citations omitted); *see also Shahin*, 344 F. App'x at 766. The Amended Complaint names only the

7

Department of Finance. It does not name any state officials.

For the above reasons, the Court will grant the Motion to Dismiss the ADA and ADEA claims.

### b. Title VII, DDEA, and DHPEPA

Defendant argues that, with regard to the Title VII, DDEA, and DHPEPA claims, the Amended Complaint fails to allege sufficient facts to meet the pleading requirements of *Twombly*. More particularly, Defendant argues that the Amended Complaint does not allege the elements of a prima facie case of discrimination or retaliation. Plaintiff does not address Defendant's position. Rather, she argues that an EEOC charge or discrimination does not exist, and then goes on the make a distinction between an EEOC charge of discrimination and a charge of discrimination submitted to the DDOL. Plaintiff attached to her opposition to the Motion to Dismiss the charge of discrimination she submitted to the DDOL. (D.I. 21 at ex.) Defendant objects to consideration of the charge of discrimination as an attachment to the Amended Complaint.

Plaintiff proceeds pro se and, therefore, the Court liberally construes her Amended Complaint. It also considers the charge of discrimination Plaintiff submitted to the DDOL. The Court first notes that the issues of age discrimination and disability discrimination are no longer before the Court given that Defendant is immune from liability under the ADEA and ADA. In addition, Plaintiff confesses the disability claim, which includes the DHPEPA claim.

Accordingly, the Court turns to the remaining Title VII claims. In viewing the Amended Complaint, the charge of discrimination, and the DDOL right to sue notice, it is evident that Plaintiff refers to her national origin as a Ukranian. The charge of discrimination and the DDOL

right to sue notice allege: (1) Plaintiff is a member of a protected class; (2) Plaintiff sought and was qualified for a job for which the employer was seeking applicants; (3) Plaintiff was rejected, despite her qualifications; and (4) under circumstances that raise an inference of discriminatory action, the employer continued to seek out individuals with qualifications similar to Plaintiff's to fill the position. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *Sarullo v. United States Postal Serv.*, 352 F.3d 789 (3d Cir. 2003); *accord Iyer v. Everson*, 238 F. App'x 834 (3d Cir. Aug. 3, 2007) (not published).

Similarly, with regard to the retaliation claim, the charge of discrimination and the DDOL right to sue notice allege: (1) Plaintiff engaged in protected activity; (2) the employer took a materially adverse action against her; and (3) there was a causal connection between the protected activity and the employer's action. *See LeBoon v. Lancaster Jewish Comty. Ctr. Ass'n*, 503 F.3d 217, 231 (3d Cir. 2007).

After reviewing the Amended Complaint along with the charge of discrimination and DDOL right to sue notice, and liberally construing the allegations, the Court concludes that Plaintiff has adequately alleged Title VII discrimination and retaliation claims sufficient to survive a motion to dismiss. All other claims will be dismissed with prejudice.

For the above reasons, the Court will deny Defendant's Motion to Dismiss the Title VII national origin discrimination and retaliation claims.

### 2. **Jurisdiction**

Defendant moves for dismissal of the DDEA claims on the grounds that, because Plaintiff elected to pursue Title VII claims, she may not pursue a concurrent DDEA claim. Plaintiff responds that it is the election remedies, not jurisdiction, that is at issue.

9

A plaintiff filing claims under the DDEA "shall elect a Delaware or federal forum to prosecute the employment discrimination cause of action so as to avoid unnecessary costs, delays and duplicative litigation. A charging party is barred by this election of remedies from filing cases in both [State] Superior Court and the federal forum." 19 Del. C. § 714(c). Although there is authority to the contrary, the Court concludes that Section 714(c) requires a plaintiff to choose either a federal or State forum, but does not require her at this stage of the litigation to choose to pursue only a federal or State cause of action. *See Alred v. Eli Lilly & Co.*, 771 F. Supp. 2d 356, 366-68 (D. Del. 2011).

Defendant's Motion to Dismiss the DDEA claims will be denied.

### IV. MOTION FOR SANCTIONS

Plaintiff moves for Rule 11 sanctions against defense counsel. (D.I. 23) It appears that Plaintiff takes exception to arguments by counsel and, therefore, believes sanctions are appropriate. Defendant opposes the motion.

The Court has reviewed Plaintiff's Motion and Response and finds it frivolous. Defense counsel took no action to warrant the imposition of sanctions. Accordingly, the Court will deny the Motion.

### V. CONCLUSION

For the above reasons, the Court will grant in part and deny in part the Motion to Dismiss the Amended Complaint. (D.I. 19) The only claims that will remain are the Title VII national origin discrimination and retaliation claims and the DDEA claims. All other claims will be dismissed with prejudice. The Court will deny Plaintiff's Motion for Sanctions. (D.I. 23)

An appropriate Order follows.